IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| *In re*: | |
| GREAT LAKES TUBULAR PRODUCTS, INC., | CASE NO. 09 B 4704 |
| DEBTOR. | CHAPTER 7 |
| | HONORABLE DONALD R. CASSLING |
| | NOVEMBER 14, 2014 at 10:30 a.m. |

## NOTICE OF MOTION

TO:   SEE ATTACHED SERVICE LIST

PLEASE TAKE NOTICE that on **November 14, 2014, at 10:30 a.m.**, or as soon thereafter as counsel may be heard, we shall appear before the Honorable Donald R. Cassling or any judge sitting in his stead, in Courtroom 240 in the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division, 100 S. Third Street, Geneva, Illinois, and present the attached **First and Final Application of Howard & Howard Attorneys, PLLC for Compensation and Reimbursement of Expenses as Counsel to the Trustee**.  You may appear at that time and place if you so desire.

Dated: October 30, 2014

                                      Respectfully submitted,
                                      HOWARD & HOWARD ATTORNEYS PLLC

                                      By: /s/ L. Judson Todhunter
                                              A Partner

L. Judson Todhunter (2840510)
Howard and Howard Attorneys, PLLC
200 S. Michigan Avenue, Suite 1100
Chicago, IL 60604
Tel: (312) 372-4000
Fax: (312) 939-5617

## CERTIFICATE OF SERVICE

I, L. Judson Todhunter, an attorney, hereby certify that on October 30, 2014, I caused a copy of the attached **First & final Application of Howard & Howard Attorneys, PLLC for Compensation and Reimbursement of Expenses as Counsel to the Trustee**, and **Notice of Motion** to be served: (1) electronically on those entities who receive notice through the ECF system and identified on the attached Service List; and (2) upon the parties who are not receiving notice through the ECF system, via first-class mail, as indicated on the attached Service List.

/s/ L. Judson Todhunter
L. Judson Todhunter

## Service List

Stephen G. Wolfe, Esq.
Office of the United States Trustee
Room 873
Chicago, IL  60604
**(By ECF Service)**

Dennis E. Quaid, Esq.
Counsel to the Petitioning Creditors
Thompson Coburn et. al.
55 E. Monroe Street, 37th Floor
Chicago, IL  60603
**(By ECF Service)**

Stuart J. Stein
Co-Counsel to the Petitioning Creditors
Stein & Rotman
105 W. Madison Street, Suite 600
Chicago, IL  60602

PCC, L.L.C.
c/o Elizabeth A. Bates, Esq.
Huck Bouma PC
1755 S. Naperville Rd. Suite 200
Wheaton, IL  60189

Wyoming Steel Supply Inc.
Euler Hermes ACI
800 RedBrook Blvd
Owings Mills MD 21117

Macsteel Service Centers USA, Inc.
888 San Clemente Drive, Suite 250
Newport Beach, California  92660

Ervin Leasing Co.
PO Box 1689
Ann Arbor, MI  48106

Heidtman Steel Products, Inc.
c/o Sharon Zerman
2401 Front Street
Toledo, Ohio  43605

PCC, LLC
Paul Kasperski
4858 US Route 35 East
West Alexandria, OH  45381

C H Robinson Worldwide Inc.
14701 Charlson Rd
Eden Prairie MN  55347

Harris Steel Company
1223 55th Court
Cicero, IL  60804-1297

Buckeye Metals
c/o Egon Singerman
3681 Green Road #410
Cleveland OH  44122-5726

United Propane & Energy
3805 Clearview Court
Gurnee, IL 60031

Steel Warehouse Co., Inc.
2722 West Tucker Drive
South Bend, IN 46624

Old Dominion Freight Line, Inc.
500 Old Dominion Way
Thomasville, NC 27360

Mark D. Roth
Orum & Roth, LLC
53 West Jackson Blvd.
Chicago, IL 60604

PatMooney Inc.
502 S.Westgate Street
Addison, IL 60101-4525

American Transport, Inc.
PO Box 640469
Pittsburgh, PA 15264-0469

MacSteel Serv. Center USA
7400 N. Shadeland Avenue
Indianapolis, IN 46250

Centennial Steel
14620 Arminta Street
Van Nuys, CA 91402

Advance Steel
16250 Northland Drive, Suite 325
Southfield, MI 48075

Kilpatrick & Associates PC
903 N Opdyke Rd Ste C
Auburn Hills, MI 48326

David S. Adduce
Kelly Olson Michod Dehaan & Richter, LLC
333 West Wacker Drive
Suite 2000
Chicago, IL 60606-1288

Mid-State Industries
908 Bob King Drive
Arcola, IL 61910

Singer Steel
P.O. Box 22790
Streetsboro, OH 44241

Straightline Source
Subsidiary of US Steel
Attn: Rhonda E. Davis
600 Grant St., Rm. 1344
Pittsburgh, PA 15219-2800

| | |
|---|---|
| Heidtman Steel<br>2401 Front Street<br>Toledo, OH  43605 | Kerry Steel, Inc.<br>31731 Northwestern Hwy,<br>Suite 157W<br>Farmington, MI  48334 |
| Cleary Machine Company<br>4858 US Route 35 East<br>West Alexandria, OH  45381 | Thomas E. Springer<br>Springer Brown, LLC<br>400 S. County Farm Road<br>Wheaton, IL 60187<br>**(By ECF Service)** |

IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| *In re*: | |
| GREAT LAKES TUBULAR PRODUCTS, INC., | CASE NO. 09 B 4704 |
| DEBTOR. | CHAPTER 7 |
| | HONORABLE DONALD R. CASSLING |
| | NOVEMBER 14, 2014 at 10:30 a.m. |

**FIRST AND FINAL APPLICATION OF HOWARD & HOWARD ATTORNEYS, PLLC FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES AS COUNSEL TO THE TRUSTEE**

Howard & Howard Attorneys, PLLC ("Howard") as counsel to Thomas E. Springer (the "Trustee"), chapter 7 trustee of the bankruptcy estate of the above-captioned debtor ("Great Lakes" or the "Debtor"), pursuant to sections 327, 328, and 330 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 5082-1 of the Local Rules of the United States Bankruptcy Court for the Northern District of Illinois (the "Local Rules"), hereby submits this First and Final application (the "Application") for compensation of services rendered and reimbursement of expenses incurred on behalf of the Trustee for the period from November 2, 2005 through October 30, 2014 (the "Application Period"), seeking allowance of (i) $19,500 actual, reasonable, and necessary legal services rendered by Howard, and (ii) actual, reasonable and necessary expenses incurred in the amount of $273.20. In support of the Application, Howard respectfully states as follows:

## INTRODUCTION

1. Howard was retained as counsel to the Trustee, to investigate prosecute and collect avoidable transfers under the Bankruptcy Code. Accordingly, Howard files this Application seeking compensation for the work that it has performed for the benefit of the estate.

## BACKGROUND AND JURISDICTION

2. On February 13, 2009 ("Petition Date"), an involuntary petition for relief under Chapter 7 of the United States Bankruptcy Code was filed.

3. On April 12, 2009, this Court entered an Order for Relief pursuant to the Involuntary Petition and the U.S. Trustee appointed Thomas E. Springer as the chapter 7 trustee in this case on April 6, 2009 (Docket Nos. 21, 22).

4. This Court has jurisdiction over the Application pursuant to 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested herein are sections 327, 328 and 330 of the Bankruptcy Code.

## RETENTION OF HOWARD & HOWARD

5. On May 28, 2009, the Trustee filed a motion to retain Howard as its counsel. (Docket No. 24).

6. On June 4, 2009, the Court authorized the Trustee to employ Howard as his counsel. (Docket No. 29).

7. The Court's June 4, 2014 Order provided that Howard's compensation for legal services rendered and reimbursement of expenses incurred to be approved by the Court upon proper Application, Notice and Hearing. (Docket No. 29).

8.     Pursuant to Rule 2016(b), Howard has not shared, nor agreed to share, any compensation it has received or may receive in this case with another person or party other than with Howard's partners, of counsel, associates, and other employees, or any compensation another person or party has received or may receive in this case.

## RELIEF REQUESTED

9.     Howard submits this Application for allowance of (a) compensation for actual, reasonable, and necessary professional services performed as counsel to the Trustee, and (b) reimbursement for actual, reasonable, and necessary disbursements made to pay expenses incurred in representing the Trustee.

10.    Howard rendered legal services to the Trustee having a value in excess of $32,834.50 during the Application Period, calculated at Howard's usual and customary hourly rates. In addition, Howard made disbursements to pay expenses in the amount of $273.20 during the Application Period. Howard has not received any payment for services performed or reimbursement for expenses incurred during the Application Period.

11.    The total assets in the estate are approximately $22,000 and are insufficient to pay costs of administration in full. Howard therefore seeks allowance in this Application of $19,500 in fees and $873.20 in expenses incurred during the Application Period. .

12.    The fees sought by this Application reflect an aggregate of 101.7 hours of attorney and paraprofessional time spent and recorded in performing services for the Trustee during the Application Period. This fee request does not include time that might be construed as duplicative or otherwise not beneficial to the Debtor's estate, which has already been eliminated by Howard.

3

13.     L. Judson Todhunter, a partner with a billing rate ranging from $405 tp $445 an hour and Jane S. Hahn an associate with a billing rate ranging from $190 to $210 an hour for Howard during the Application Period.

14.     Howard's fees and costs were incurred as counsel to the Trustee. Howard's fees were derived using the applicable hourly billing rates for the firm's personnel who rendered such services. Attached hereto as <u>Exhibit A</u> is a summary by project categories setting forth all Howard professionals who have performed services in the Debtor's bankruptcy case during the Application Period with specific description of services performed for each separate category.

15.     All of the services for which compensation is sought were rendered to the Trustee solely in connection with the Debtor's bankruptcy case and not on behalf of any individual creditor or other person.

## BASIS FOR PAYMENT

16.     Professional services and expenses for which compensation and reimbursement are sought were rendered and expended on behalf of the Trustee in connection with the Debtor's bankruptcy case. All of the fees and expenses sought to be paid or reimbursed in this Application were actual, necessary, and reasonable, and benefited the Debtor's estate and creditors.

17.     During the Application Period, Howard performed a variety of tasks on the Trustee's behalf. While a detailed descriptions of the day-to-day services provided and the time expended performing such services are attached as <u>Exhibit A</u>, a summary of the services Howard provided to the Trustee during the Application Period are described in paragraphs 19 through 22 below.

**Preference Investigation**
**(Fees: $11,465.50; Hours 43.7)**

4

18. During the Application Period, Howard represented the Trustee in connection with certain aspects of avoidance claims against the creditors who received pre-petition transfers. The bulk of the work performed in the category during the Application Period related to investigation, review of business and bank records analysis, and ultimately the filing of the 16 preference complaint.

19. Applicants reviewed all pre-petition transfers made by the Debtor for the 90-day period prior to the filing of the bankruptcy, and for the year period as it pertains to transfers to insiders. Applicant reviewed the pre-petition status of accounts payables and receivables as to each transferee and then when appropriate sent demand letters to the transferees for return of preferential transfers. As a result of the demand letters many of the recipients responded with defenses to the Trustee's preference complaint. The applicants reviewed the defenses, obtained additional documents from those creditors raising the defenses, and ultimately ended up filing sixteen (16) complaints against creditors where it appeared that they would be recoverable preferences. A more detailed description of the time spent related to this matter is attached hereto as <u>Exhibit A.</u>

**Fee Application**
**(Fees: $2,700; Hours 6)**

20. During the Application Period, Howard prepared it first and final fee application as counsel to the Trustee and the bulk of the work in this category relates to this application. This category includes time spent by Howard attorneys reviewing time entries for confidentiality and drafting the narrative portions of the fee application, note and notice. The fee petition was prepared by L. Judson Todhunter who expended an excess of 6 hours. The fees requested are based upon a normal hourly rate. While this dollar amount is added to the gross fees requested it should be noticed that it is also reduced by almost two-third in fees requested by this application.

5

### Preference Litigation
### (Fees $11,771.50; Hours )

21.  As stated earlier, the Trustee ultimately filed sixteen (16) preference complaints. Applicants assist prepared the complaints, summons and thereafter filed each complaint. As a result of filing the complaints the Applicants continued new discussions with the defendants regarding additional documents to be produced and subpoenas for records. During this time the applicants appeared in court on status of the complaints and continuance thereof. As a result of this time period applicants determined that a number of the complaints warranted dismissal. A more detailed description of the time spent related to this matter is attached hereto as <u>Exhibit A.</u>

22.  The time recorded in this category consists of legal advice provided to the Trustee in connection with the initiation of a preference complaints.  A more detailed description of the time spent related to this matter is attached hereto as <u>Exhibit A</u>.

### Preference Settlement
### (Fees $9,677.50; Hours 22.1)

23.  During the Application Period, Howard continued to prosecute the preference complaints filed.  Where, after additional information documents were submitted by certain preference defendants, the cases were dismissed.  In at least one instance the preference complaint was dismissed because the preference defendant had gone out of business and there were no assets to recover. As to the balance of the preference complaints the applicant proceeded to negotiate settlements, which were approved by the Trustee.  Each settlement was negotiated on the basis of probability of success and cost of further litigation.  Each settlement was presented to this Court and approved.  All of the assets in this estate are a result of the settlements procured by applicants.  A more detailed description of the time spent related to this matter is attached hereto as <u>Exhibit A.</u>

24. The foregoing professional services were necessary and appropriate to the administration of the Debtor's estate. Compensation for the foregoing services as requested is commensurate with the complexity, importance, and nature of the problems, issues, or tasks involved. Howard has taken significant efforts to ensure that the professional services were performed with expedience and in an efficient manner and without duplication of effort.

25. The rates charged by Howard in this case are its standard rates for a bankruptcy matter. The rates charged by Howard also are consistent with reasonable and customary hourly rates charged by other attorneys throughout the country in matters of similar complexity, scope and national significance.

26. Section 330 provides that a court may award a professional employed under section 327 of the Bankruptcy Code "reasonable compensation for actual necessary services rendered. . . and reimbursement for actual, necessary expenses." 11 U.S. C. § 330(a)(1). Section 330 also sets forth the criteria for the award of such compensation and reimbursement:

In determining the amount of reasonable compensation to be awarded, the court should consider the nature, the extent, and the value of such services, taking into account all relevant factors, including

(A) The time spent on such services;

(B) The rates charged for such services

(C) Whether the services were necessary to the administration of, or beneficial at the time which the service was rendered toward the completion of, a case under this title;

(D) Whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and

(E) Whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

Id. § 330 (a)(3).

27. Because of the benefits realized by the Debtor's estate, the nature of this case, the standing at the bar of the attorneys who rendered services, the amount of work done, the time consumed, and the skill required, Howard requests that it be allowed at this time compensation for professional services rendered during the Application Period in the reduced sum of $19,500.

## ACTUAL AND NECESSARY EXPENSES

28. Howard has disbursed, and requests reimbursement of, the following sums for:

| Description | Amount |
| --- | --- |
| In-City Transportation | $20.00 |
| Pacer Charges | $3.20 |
| Filing Fees | $250.00 |
| Total | $273.20 |

## NOTICE

29. Notice of this Application has been given to (a) the Office of the United States Trustee; and (b) all creditors who have filed proofs of claim in the Debtor's case. In light of the relief requested, Howard submits that no further notice is required.

30. Applicant respectively request that this Court approve the shortened notice given as reasonable in light of the fact that this case is administratively insolvent amd Howard has reduced its fee request by approximately 60%.

31. No previous request for the relief sought herein has been made to this Court or any other court.

WHEREFORE, Howard respectfully requests (i) allowance of compensation for professional services rendered during the Application Period in the amount of $19,500.00; (ii) allowance of reimbursement for actual and necessary expenses Howard incurred during the

8

Application Period in the amount of $273.20; (iii) authorization for the Trustee to pay Howard for the professional services rendered during the Application Period in the amount of $19,500.00; (iv) authorization for the Trustee to reimburse Howard for actual and necessary expenses Howard incurred during the Application Period in the amount of $273.20; (v) the court approve the adequacy of the notice given; and (vi) that the Court grant Howard such other and further relief as is just.

Dated:  October 30, 2014

          Respectfully submitted,

          HOWARD & HOWARD ATTORNEYS, PLLC

          By: /s/ L. Judson Todhunter
              A Partner

L. Judson Todhunter (2840510)
Howard & Howard Attorneys, PLLC
200 S. Michigan Ave., Suite 1100
Chicago, IL 60604
Telephone:  (312) 372-4000
Facsimile:   (312) 939-5617

9